IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cr-40063-SMY |
| | ) |
| Dustin L. Turner, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Dustin L. Turner was sentenced on June 30, 2022, to 151 months' imprisonment for possession with intent to distribute methamphetamine (Docs. 35, 36)[1]. He is currently housed at the Federal Correctional Institution in Mendota, California. Now pending before the Court is Turner's Motion for Compassionate Release pursuant to the First Step Act of 2018 (Doc. 42) and the Appointment of Counsel (Doc. 43).[2] The Government responded in opposition (Doc. 46).

Section 603(b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the BOP or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). Following a recent amendment by the Sentencing Commission, "extraordinary and compelling reasons" for compassionate release include: (1) medical circumstances, (2) "death or incapacitation of the caregiver of the defendant's

---

[1] On May 31, 2024, this Court reduced Defendant's sentence to 135 months pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 44).

[2] Defendant requests the appointment of counsel to litigate his Motion. However, defendants are not entitled to counsel under the Criminal Justice Act for motions brought under 18 U.S.C. § 3582(c)(1)(A). *United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021); *United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020); *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). Defendant's request for appointment of counsel is therefore **DENIED**.

minor child," (3) the defendant, while in custody, was the victim of sexual or physical abuse, or (4) "other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b). Defendants moving for compassionate release bear the burden of establishing the existence of extraordinary and compelling reasons for such release. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Here, Defendant seeks release to care for his mother, but has established that his mother is incapacitated or that he is the sole caregiver. The medical documentation provided does not sufficiently evidence her diagnosis, prognosis, or current condition. And as the Government notes, he has not established that he is the only available caregiver for his mother.

Moreover, the § 3553(a) factors weigh in favor of Turner's continued imprisonment. Releasing him at this juncture would not address specific deterrence, promote a respect for the law or sufficiently protect the public from further crimes by the defendant given that he has served only three years of his 11-year term. Accordingly, Defendant's Motion for Compassionate Release (Doc. 39) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED: August 11, 2024**

    **STACI M. YANDLE**
    **United States District Judge**